UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA JAMES SCOLMAN,

    Petitioner,

v.                                       Case No. 12-C-479

WILLIAM POLLARD,

    Respondent.

**ORDER**

On May 14, 2012, Petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Following this Court's screening order, Petitioner moved for appointment of counsel. A litigant is not entitled to appointed counsel in a federal postconviction proceeding, *Powell v. Davis,* 415 F.3d 722, 727 (7th Cir. 2005), although a district court may appoint counsel if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B).

Here, I conclude that the interests of justice do not require appointment of counsel at taxpayers' expense. The claims alleged in the petition are not particularly complex. Moreover, claims like these involve review of determinations already litigated in state courts. Federal courts rarely require argument of such matters because the claims have already been addressed by the state courts, and the question posed at this level is merely whether the state courts erred so badly that habeas relief is warranted. The appointment of counsel in § 2254 cases is therefore limited to those cases in which additional argument might be helpful, and this does not appear to be one of those

cases. If things change and it appears the matters would benefit from counsel, I may revisit my determination at that time.

The motion for appointment of counsel is **DENIED**. The motion to proceed *in forma pauperis* is **DENIED** as moot, as the filing fee has already been paid.

**SO ORDERED** this   2nd   day of August, 2012.

  s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
