UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA JAMES SCOLMAN,

Petitioner,

v. Case No. 12-C-0479

WILLIAM POLLARD,

Respondent.

---

**DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Joshua James Scolman, who is currently a Wisconsin prisoner confined at Waupun Correctional Institution, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Scolman pled no contest to four felony charges: three counts of homicide by intoxicated use of a vehicle and one count of injury by intoxicated use of a vehicle. He also pled no contest to three misdemeanors: endangering safety with the use of a dangerous weapon, disorderly conduct, and resisting or obstructing an officer. Scolman alleges in his petition that he was denied the effective assistance of counsel prior to entering his no contest plea. The case has been fully briefed and is now ready for disposition. For the reasons that follow, Scolman's petition will be denied.

**BACKGROUND**

Scolman was arrested and charged with nine felonies and one misdemeanor arising out of a fatal drunk-driving accident. The criminal complaint alleged that Scolman was driving his vehicle with a blood alcohol concentration of .242, sped through a red light, and collided with another

vehicle. Three occupants of that vehicle were killed and the fourth was seriously injured. After the collision, Scolman exited his vehicle and began yelling at another motorist about the damage to his car. Scolman pointed a gun at his head and threatened to shoot. Scolman then chased the man and fired four or five shots, none of which caused harm. Later, when apprehended, Scolman resisted officers who were trying to search him for weapons.

Scolman was charged with two counts for each person he killed: one count of homicide by intoxicated use of a vehicle in violation of Wis. Stat. § 940.09(1)(a) and one count of homicide by use of a vehicle while operating with prohibited blood alcohol concentration in violation of § 940.09(1)(b). He was also charged with two counts for the person he injured in the crash: one count of injury by intoxicated use of a vehicle, contrary to § 940.25(1)(a) and one count of injury by use of a vehicle with prohibited blood alcohol concentration, contrary to § 940.25(1)(b). In addition, he was charged with felony first degree recklessly endangering safety for his actions subsequent to the crash and a misdemeanor charge for resisting an officer arising out of his arrest.

Scolman accepted a plea agreement whereby he would plead no contest to the four felony charges for homicide or injury by intoxicated use of a vehicle. As a result, the four felony charges for homicide or injury with prohibited blood alcohol concentration (the BAC charges) would be dismissed as a matter of law pursuant to §§ 940.09(1m) and 940.25(1m). In addition, the State agreed to drop the felony charge for first-degree recklessly endangering safety; instead, Scolman agreed to plead no contest to two misdemeanors: endangering safety by use of a dangerous weapon and disorderly conduct while armed with a dangerous weapon. At the plea hearing, the State asked the trial court to accept the amended information, which reflected the agreement and omitted the BAC charges and the felony recklessly endangering safety charge. Scolman's attorney confirmed

the plea agreement and told the court she had discussed the elements of each of the offenses with Scolman prior to the hearing.

Both the defense and the State discussed the factual bases for the pleas. The State also discussed the fact that the four BAC charges had been omitted from the amended information by operation of law, explaining,

> [t]hat is not discretionary. That is a matter of law. The state Supreme Court has ruled that to be convicted of both the intoxicated use of a motor vehicle and the BAC count is double jeopardy and you cannot sentence on both of those cases. So [t]hat's why those counts did not appear in the amended information for the edification of anyone here.

(Plea Hrg. Tr. 14:19-25, ECF No. 8-4.) After a plea colloquy, Scolman entered no contest pleas and was convicted of each count in the amended information.

Following his conviction, Scolman filed a postconviction motion in the trial court, seeking to withdraw his pleas or, in the alternative, for sentence modification. Scolman alleged that his no contest pleas should be withdrawn because he did not understand important legal principles relating to the plea agreement as a result of his trial counsel's ineffectiveness in failing to explain the law. Specifically, Scolman believed the four felony BAC counts were going to be dismissed because of his agreement to plead no contest–in essence, he entered his plea in exchange for what he believed was a concession, but which, in reality, he was entitled to independent of the agreement. He alleged that after his conviction and sentencing, he learned that the BAC counts were dismissed as a matter of law. The trial court denied Scolman's motion without a hearing. Scolman appealed, and the court of appeals affirmed in part, reversed in part, and remanded the case for an evidentiary hearing on Scolman's motion to withdraw his no contest pleas because he had presented sufficient facts to justify a hearing on his alleged misunderstanding of the law and his claim of ineffective assistance

of counsel. *State v. Scolman*, 2008 WI App 172, 314 Wis. 2d 747, 760 N.W.2d 184 (Wis. Ct. App. Oct. 2, 2008) (unpublished).

On remand, the trial court held an evidentiary hearing during which both Scolman and his trial counsel testified. Scolman's trial counsel, Allison Ritter, testified that she knew that the BAC counts would be dismissed as a matter of law if there was a conviction or plea with respect to the intoxicated use counts, and that she believed she would have discussed the effects of §§ 940.09(1m) or 940.25(1)(m) with Scolman, given the circumstances. However, she testified, "I don't remember specifically what words I used when I met with him." She also could not specifically recall reading through §§ 940.09(1m) or 940.25(1m) with Scolman or indicating in writing that the BAC charges would be dropped as a matter of law. Ritter also testified that she did not have any copies of correspondence or memoranda in her file that were sent to Scolman explaining the operation of §§ 940.09(1m) or 940.25(1m) and she did not have any notes of telephone calls to that effect either. She stated that although she did not keep a detailed time log as to what was discussed during her meetings with Scolman, she had met with Scolman 12 times for one to two hours at a time over three and a half months. She stated that she had spoken with Scolman "many, many times."

For his part, Scolman testified that he did not remember his trial counsel explaining to him that the BAC charges would be dismissed as a matter of law. Rather, he believed that the four BAC charges were being dropped as a part of the plea negotiation in order to reduce his potential exposure to prison time. He testified that it was his understanding that by accepting the plea agreement, he would get half the potential prison time reduced, "so it was actually a good deal" from his perspective. He stated that only later did he "come to find out that it wasn't a deal at all." He admitted that he was present when the prosecutor explained on the record during the plea

hearing that the BAC counts had been removed because Scolman legally could not be convicted of both the BAC and the intoxicated use counts. But, he testified that he did not remember anything about the plea hearing "because it was such a horrifying experience that I couldn't tell you what happened." He testified that he "just blindly said yes and no to everything" he was asked.

The trial court found that Ritter had informed Scolman that the BAC charges would be dismissed by operation of law. The court also rejected Scolman's testimony that he did not remember anything about the plea hearing and that he "blindly" answered every question asked of him. As a result, the court concluded that the Scolman's counsel had not performed deficiently, because she had informed Scolman that the BAC charges would be dismissed as a matter of law. In any case, the court found he was not prejudiced by any alleged deficiency. Furthermore, the court held that Scolman had entered his plea freely, voluntarily, and intelligently, and therefore, denied his motion to withdraw the plea. The court of appeals, concluding that the trial court's findings of fact were not clearly erroneous, found that trial counsel's performance was therefore not deficient, and his plea was entered knowingly, voluntarily, and intelligently. *State v. Scolman*, 2010 WI App 19, 323 Wis. 2d 278, 779 N.W.2d 725 (Wis. Ct. App. Dec. 15, 2009) (unpublished). Scolman petitioned the Wisconsin Supreme Court for review, but the court denied review.

Scolman then filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06, arguing that he should be allowed to withdraw his pleas to the misdemeanor counts of endangering safety, disorderly conduct, and resisting arrest. He argued that his postconviction lawyer's representation was constitutionally deficient because he failed to challenge the plea colloquy and failed to challenge Ritter's performance with regard to the plea. Scolman alleged that he did not understand the elements of the misdemeanor offenses because Ritter never explained them to him.

The trial court denied the motion without a hearing, finding the plea colloquy unequivocally demonstrated that Scolman had knowledge of the nature of the misdemeanor charges as well as the elements of the crimes. The court of appeals affirmed. *State v. Scolman*, 2012 WI App 11, 338 Wis. 2d 485, 808 N.W.2d 742 (Wis. Ct. App. Dec. 6, 2011) (unpublished). The court explained that Scolman stated he understood the elements of each of the counts and specifically admitted to the facts underlying the misdemeanor charges, including that he pointed and discharged a firearm, intended to cause a disturbance, and resisted an officer. The court also rejected Scolman's argument that Ritter failed to set forth the elements of the misdemeanor charges on the plea questionnaire and waiver of rights form he signed, and that she neglected to attach jury instructions to the form. The court found that:

> Scolman does not address why, at his plea hearing, he responded affirmatively when the circuit court inquired whether his trial lawyer had addressed the elements of the offenses with him and how they related to the facts in the case. Moreover, Scolman does not explain what the jury instructions would have added in light of both the circuit court's and the prosecutor's explanations during the plea hearing of the charges and the factual bases supporting them or why being further informed of the elements would have prompted him to change his plea.

*Scolman*, 2012 WI App 11, ¶ 15. Therefore, the court held that the trial court properly exercised its discretion in denying Scolman's motion without a hearing. Scolman petitioned the Wisconsin Supreme Court for review, but the court denied review on April 23, 2012. On May 14, 2012, Scolman filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254.

## LEGAL STANDARD

Scolman's petition is covered by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, if a state court adjudicated a constitutional claim on

the merits, a federal court may grant habeas relief only if: (1) the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, 28 U.S.C. § 2254(d)(1); or (2) if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding, 28 U.S.C. § 2254(d)(2). *Williams v. Taylor*, 529 U.S. 362, 376 (2000). In reviewing the merits of a petition for habeas relief, "[t]he relevant decision for purposes of our assessment is the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citing *McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir. 2003)).

**ANALYSIS**

The Sixth Amendment guarantees a defendant the right to have competent counsel present at all critical stages of the criminal proceeding, including the plea bargaining process. *Missouri v. Frye*, 132 S.Ct. 1399, 1405 (2012) (citing *Argersinger v. Hamlin*, 407 U.S. 25 (1972)). Claims of ineffective assistance of counsel prior to entering a plea are evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland*, a court assesses both whether counsel's performance was deficient and whether the defendant suffered prejudice as a result. 466 U.S. at 687.

Deficient performance "requires [a] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In making this determination, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Judicial scrutiny of counsel's performance must be highly deferential" because it is "all too tempting for a defendant

to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 689. To prove prejudice, a defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The defendant must do more than show that the errors had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 Uat 693. At the same time, he "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* Rather, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Furthermore, Scolman's *Strickland* claim must be reviewed through the lens of 28 U.S.C. § 2254(d). Under this "difficult" standard, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). When reviewing a claim of ineffective assistance of counsel under § 2254(d), a federal court does not review counsel's actions for reasonableness, but rather determines whether the state court decision applying *Strickland*'s deferential standard was reasonable. *Id.* at 788 (explaining further that the standards created under both *Strickland* and § 2254(d) are "highly deferential" and when applied "in tandem, review is 'doubly' so"); *see also Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009) ("The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one, and only a clear error in applying *Strickland* will support a writ of habeas corpus.").

Scolman first argues that his trial counsel did not tell him that the felony BAC charges would be dismissed as a matter of law, and therefore, he did not enter his guilty plea knowingly, voluntarily, and intelligently. He contends that the court of appeals unreasonably applied *Strickland* in concluding that Ritter's performance was not deficient. *See* § 2254(d)(1). He claims the court should have found Ritter's performance fell below an objective standard of reasonableness based on her failure to provide Scolman with any written correspondence explaining that the BAC charges would be dismissed as a matter of law and her failure to produce any other proof that she had informed Scolman about the operation of the law. Scolman argues that a "reasonable attorney" who has met with a client for more than 20 hours would have generated documentation showing that she had properly explained the law before allowing a client to plead guilty to felony charges.

The court of appeals rejected this argument based on the trial court's finding that Ritter had informed Scolman prior to the plea hearing that the dismissal of the BAC charges was not a concession from the State. *See Scolman*, 2010 WI App 19, ¶ 22. The court of appeals therefore found sufficient the fact that trial counsel had spoken to her client and explained the law–the court therefore implied that it was not objectively unreasonable for an attorney to fail to put such an explanation in writing for her client. The question at this stage is not whether counsel's actions were reasonable, but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 131 S. Ct. at 788. An attorney's actions are not objectively unreasonable unless they fall "'well outside the boundaries of permissible differences of opinion.'" *Starkweather v. Smith*, 574 F.3d 399, 402 (7th Cir. 2009) (quoting *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)). There is no requirement that an attorney produce written proof that she informed her client about the law. An attorney need only communicate with the client. *See Moore*

*v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003) ("A reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty."). It was not unreasonable for the state court to conclude, after crediting trial counsel's testimony, that she informed Scolman–orally, as opposed to in writing–about the implications of entering his plea.

Scolman also contends that the trial court made an unreasonable determination of fact in light of the evidence when it determined that Ritter informed Scolman that the BAC charges would be dropped as a matter of law. *See* § 2254(d)(2). He contends that the court of appeals' decision was also unreasonable because it relied on the trial court's factual determinations, rather than finding them clearly erroneous. Scolman emphasizes the fact that Ritter testified that she could not specifically remember telling him that the BAC charges would be dismissed as a matter of law if he pled guilty to the intoxicated use charges. He also contends that Ritter's testimony that she could produce no written documentation or other physical evidence showing that she had informed Scolman about the operation of the law further indicates that the state courts had no basis for finding Ritter had explained the law to him.

The court of appeals acknowledged that trial counsel initially indicated that she was "not sure" that she told Scolman that the BAC charges would be dismissed as a matter of law, but explained that she subsequently stated four times during the course of her testimony that she was sure she had told him. Noting that resolving inconsistencies in a witness' testimony was the role of the trial court, the court of appeals concluded there was no indication that the trial court erred in its credibility determination. Thus, to the extent that Ritter's testimony was arguably inconsistent, this went to the weight of the testimony, but did not render it incredible. Furthermore, the court

rejected Scolman's argument that Ritter could not have informed him about the operation of the BAC charges because she failed to produce proof in the form of written documentation or other physical evidence. The court of appeals again explained, "[w]hether there was written documentation of trial counsel's discussion with Scolman goes to the weight of trial counsel's testimony, not to whether the trial court was entitled to find that trial counsel informed Scolman that the charges would be dismissed as a matter of law." *Scolman*, 2010 WI App 19, ¶ 20.

In reviewing a claim under § 2254(d)(2), state court factual findings are presumed correct and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. *Williams v. Bartow*, 481 F.3d 492, 498 (7th Cir. 2007) (citing § 2254(e)(1)). "Unreasonableness also serves as the touchstone against which state court decisions based upon determinations of fact in light of the evidence presented are evaluated." *Ward v. Sternes*, 334 F.3d 696, 703-04 (7th Cir. 2003) (citing § 2254(d)(2)). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010) (finding that even if a view of the evidence that is contrary to the state court's conclusion is "debatable," this does not mean it is not unreasonable). Rather, unreasonableness may be established if "a petitioner shows that the state court determined an underlying factual issue against the clear and convincing weight of the evidence." *Morgan v. Hardy*, 662 F.3d 790, 798 (7th Cir. 2011).

Scolman has not established that the state court finding that he was told, prior to entering his plea, that the BAC charges were being dismissed as a matter of law was contrary to the clear and convincing weight of the evidence. While Scolman places great emphasis on the lack of certain evidence, he largely ignores the evidence supporting the trial court's factual finding. For example,

Ritter testified that she met with Scolman numerous times over a three and a half month period, that she was extremely familiar with the interplay between §§ 940.05 and 940.25, and that she was sure that she would have made sure Scolman understood the BAC charges would be dismissed as a matter of law. Scolman almost singularly relies on the fact that Ritter had no written documentation showing that she explained the law to Scolman to support his conclusion that there was *no* evidence that she had informed him about the BAC charges being dismissed as a matter of law. Scolman implies that unless trial counsel could affirmatively demonstrate through direct evidence that he was informed about the relevant law, that trial counsel's performance was deficient. Of course, this is not the standard. This court must defer to the trial court's finding of fact because Scolman has not presented clear and convincing evidence to rebut the court's determination that Ritter's testimony was credible. §§ 2254(d) and (e)(1). Because the state court's decision finding that Ritter was not deficient was not an unreasonable application of *Strickland*, nor did it involve an unreasonable determination of fact in light of the evidence, there is no need to separately assess *Strickland*'s prejudice prong. 466 U.S. at 697.

The court of appeals also rejected Scolman's argument that his plea was not knowingly, voluntarily, and intelligently entered because trial counsel had, in fact, told Scolman about the operation of the law on the BAC charges. The court of appeal's decision was not unreasonable. The trial court found that Scolman's testimony about what he did or did not know at the time of the plea was "self-serving." The trial court also rejected Scolman's testimony that he blindly said yes and no to everything he was asked at the plea hearing. The court of appeals also noted that it was undisputed that the State had discussed the reason for dismissing the BAC charges on the record at the plea hearing, and Scolman did not raise any objection or question at the time. Furthermore, the

plea colloquy demonstrated that Scolman was informed of and understood his plea. Based on these facts, the court of appeals affirmed the trial court's finding that Scolman failed to prove that his alleged lack of knowledge about the BAC charges rendered his pleas unknowing, involuntary, and unintelligent.

Finally, Scolman also argues that his trial counsel was ineffective for failing to inform him of the elements of the misdemeanor charges stemming from his actions following the car crash. In reviewing his claim, the court of appeals concluded that regardless of whether he was informed about the elements of the misdemeanor charges, Scolman's conclusory allegations were nevertheless insufficient to meet the prejudice prong of *Strickland*. *See Scolman*, 2012 WI App 11, ¶ 13. Scolman now argues that the state court decision was an unreasonable application of *Strickland*. His arguments largely center on his contention that the court erred in not discussing his trial counsel's deficient performance.

But under *Strickland*, the court was not required to consider his attorney's deficient performance once it had determined that Scolman failed to show prejudice. 466 U.S. at 697 ("Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). The court of appeals' conclusion that Scolman had not established prejudice was not unreasonable. Scolman only asserts, without any support, that had he known the elements of the misdemeanor offenses, he would have gone to trial. He fails to explain what it is he did not understand about the misdemeanor charges. He does not indicate

which elements he did not understand or even what his actual understanding of the elements was. It is not clear what it is that "had he known" fully, would have prompted him to proceed to trial.

The "'mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice.'" *Julian v. Bartley*, 495 F.3d 487, 499 (7th Cir. 2007) (quoting *United States v. Fudge*, 325 F.3d 910, 924 (7th Cir.2003)). Moreover, Scolman's allegations are contradicted by his statements at the plea hearing. *See Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) ("[T]he petitioner must do more than simply allege 'that he would have insisted on going to trial'; he must also come forward with objective evidence that he would not have pled guilty."). At the plea hearing, Scolman responded affirmatively when the court inquired whether he had discussed the each of the counts in the amended complaint, and whether he understood the charges, the penalties, and the constitutional rights he was waiving by entering his plea. Moreover, both the court and the prosecutor explained each of the seven charges and the factual bases supporting them and Scolman separately confirmed that he understood each. Thus, given only Scolman's bare allegations, it was far from unreasonable for the state courts to find Scolman had failed to prove prejudice. *Hill*, 474 U.S. at 60 (finding petitioner had "alleged no special circumstances" to support his conclusion that but for his counsel's errors, he would not have pled guilty). Because this conclusion was not unreasonable, it follows under *Strickland* that the court was not required to analyze his attorney's performance.

## CONCLUSION

Based on the foregoing, Scolman's petition for a writ of habeas corpus is hereby **DENIED**. "The district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the court concludes a certificate should not issue. Scolman's principal argument is over the factual determination made by the state court that he was advised that the BAC charges would be dismissed as a matter of law upon acceptance of his guilty pleas to the corresponding intoxicated use charges. Given the deference owed to factual findings made by state courts and the evidence, this argument does not deserve further review. In this court's view, reasonable jurists would not disagree. Accordingly, a certificate of appealability is denied. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this 6th day of June, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court